IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| WYLIE LUBE EXPRESS, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. : 4:16-cv-281 |
| INSURANCE SOLUTIONS GROUP, LLC, | § | |
| and LIBERTY MUTUAL INSURANCE | § | |
| COMPANY | § | |
| Defendants. | § | |
| | § | |

## DEFENDANT LIBERTY MUTUAL INSURANCE COMPANY'S NOTICE OF REMOVAL

Defendant Liberty Mutual Insurance Company ("Liberty") files this Notice of Removal pursuant to 28 U.S.C. § 1446(a). Defendant Insurance Solutions Group, LLC ("Insurance Solutions") consents to the removal pursuant to 28 U.S.C. § 1446(b)(2)(A).

## Background

1. On or about March 23, 2016, Plaintiff Wylie Lube Express ("Wylie Lube") filed Plaintiff's Original Petition in the 429th District Court of Collin County, Texas, styled *Wylie Lube Express v. Insurance Solutions Group, LLC and Liberty Mutual Insurance Company*, Cause No. 429-01288-2016.

2. A true and correct copy of Wylie Lube's Original Petition is included in Exhibit A, which is attached hereto and incorporated for all purposes.

3. Liberty was served on April 11, 2016 and files this notice of removal within the 30-day time period required by 28 U.S.C. § 1446(b)(1); *Bd. of Regents of Univ. of Tex. Sys. v. Nippon Tel. & Tel. Corp.*, 478 F.3d 274, 278 (5th Cir. 2007).

4. Naming Liberty as a defendant for the denied claim is a misnomer. The policy was underwritten by Ohio Security Insurance Company ("Ohio Security").

5. Pursuant to Local Rule CV-81(c), the following items have been attached:

   a. A copy of all pleadings that assert causes of actions and all answers to such pleadings (Exhibit A)

   b. A list of all parties and their party type and the current status of the removed case (Exhibit B);

   c. A civil cover sheet (Exhibit C);

   d. A certified copy of the state court docket sheet (Exhibit D);

   e. A copy of all process and orders served on Liberty (Exhibit E);

   f. A complete list of attorneys, their bar numbers, addresses, and telephone numbers (Exhibit F);

   g. A record of which parties have requested a jury trial (Not applicable – no parties have requested a jury trial); and

   h. The name and address of the court from which the case is being removed (Exhibit G).

6. Pursuant to Federal Rule of Civil Procedure 7.1, Liberty is also attaching as Exhibit H a Corporate Disclosure Statement.

## Basis for Removal

7. Removal is proper because there is complete diversity between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §1332(a); *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003).

8. Venue is proper in this district under 28 U.S.C. §1441(a) because the state court where the action has been pending is located in this district.

9. Liberty will promptly file a copy of this notice of removal with the clerk of the state court where the action has been pending.

10. Wylie Lube Express, Inc. is a Texas corporation with its principal place of business in Collin County, Texas. *See* 28 U.S.C. § 1332(c)(1).

11. Liberty is a Massachusetts corporation with is principal place of business in Boston, Massachusetts. *See* 28 U.S.C. § 1332(c)(1). Ohio Security is a New Hampshire company with its principal place of business located in Boston, Massachusetts. *Id*.

12. Insurance Solutions, an improperly joined defendant, is a Texas company with its principal place of business in North Richland Hills, Texas. *See* 28 U.S.C. § 1332(c)(1).

13. Consent for removal by Solutions Group is not required because it was improperly joined. *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993). That said, Solutions Group consents to the removal.

14. Wylie Lube has sued Liberty relating to Liberty's denial of an insurance claim. Exhibit D. Specifically, Wylie Lube brings claims under the Texas Insurance Code and the Texas Business and Commerce Code (the Texas Deceptive Trade Practice Act "DTPA") and asserts breach of contract, fraud, conspiracy to commit fraud, and bad faith. Wylie Lube seeks treble damages under the Texas Insurance Code and the DTPA, 18% penalty interest pursuant to the Texas Prompt Payment of Claims Act, and exemplary damages.

A. ***The Amount in Controversy Exceeds $75,000***

15. The amount of the denied claim is $61,120.00.  *See* Exhibit I; *see also* 28 U.S.C. 1446(c)(2); *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1255 (5th Cir. 1998) ("[W]hen a complaint does not allege a specific amount of damages, . . . the court may rely on 'summary-judgment-type' evidence to ascertain the amount in controversy."). Because Wylie Lube Express seeks treble damages under the DTPA and the Texas Insurance Code, 18% per annum damages under the Texas Insurance Code, exemplary damages, and statutory attorney's fees, the amount in controversy exceeds $75,000, exclusive of interest and costs. *See Greenberg*, 134 F.3d at 1255 (including statutory damages and statutory penalties in the amount-in-

controversy calculus); *Burlington Ins. Co. v. Valencia Co.*, 200 F.R.D. 283, 283 (E.D. Tex. 2001) (treble damages under Texas Insurance Code and DTPA included in amount-in-controversy); *Stewart v. World Ins. Co.*, No. 4:06cv501, 2007 WL 2746796, at *3 (E.D. Tex. Sept. 19, 2007) (same); *see also Bates v. Laminack*, 938 F. Supp. 2d 649, 655 (S.D. Tex. 2013) ("There is no question that punitive or exemplary damages are included in calculating the amount in controversy. . . . Likewise, statutory attorney's fees (available under the DTPA and for a breach of contract action) are included in the calculation of the amount.").

## B.   *Defendant Insurance Solutions Group, LLC is an Improperly Joined Party*

16.   Wylie Express's suit against Liberty and Insurance Solutions is based on Liberty's denial of the insurance claim. Exhibit A. The fact section of Plaintiff's Original Petition focuses on Liberty; it does not mention any conduct or representations of Insurance Solutions. Exhibit A. The only connection of Insurance Solutions to the denied claim is that it acted as an agent of Liberty in selling the policy to Wylie Express. Exhibit A, ¶ 7.

17.   "Courts in the Fifth Circuit have repeatedly rejected attempts to improperly join insurance agents in lawsuits involving the denial of insurance benefits[] solely by virtue of their agency relationship." *Stewart*, 2007 WL 2746796, at *4 (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999); *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 260–61 (5th Circ. 1995)).

18.   Because there is no claim unique to Insurance Solutions, it is an improper party to the lawsuit on the denied claim. *Stewart*, 2007 WL 2746796, at *4.

## Conclusion

19.   As there is complete diversity between the parties and the amount in controversy exceeds $75,000, Liberty respectfully requests that this case be removed to federal court.

                Respectfully submitted,

                LANGLEY, LLP

By:    */s/ Brandon K. Bains*
      Brandon K. Bains
      State Bar No. 24050126
      901 Main Street, Suite 600
      Dallas, Texas 75202
      Telephone:   (214) 722-7160
      Facsimile:   (214) 722-7161
      bbains@l-llp.com

***COUNSEL FOR LIBERTY MUTUAL INSURANCE COMPANY***

## **CERTIFICATE OF SERVICE**

       I hereby certify that a true and correct copy of the foregoing document has been served in accordance with the Federal Rules of Civil Procedure to the following via first class mail, facsimile, and/or electronic mail on the 29th day of April, 2016.

Stephen Sanders *(via CM/RRR and Email)*
The Almasri, Marzwanian & Sepulveda Law Group, PLLC
9330 LBJ Freeway, Suite 900
Dallas, TX 75243
(469) 523-1339
(888) 958-3730 Fax
stephen@attorneystephensanders.com

***Counsel for Plaintiff Wylie Lube Express***

Ryan Dry *(via US Mail and Email)*
Krebs Farley PLLC
2201 W. Plano Parkway, Suite 151
Plano, Texas 75075
Telephone:  (214) 945-3027
Facsimile:   (214) 945-3021
rdry@kfplaw.com

***Counsel for Defendant Insurance Solutions Group, LLC***

      /s/ *Brandon K. Bains*