# EXHIBIT A



**CORPORATION SERVICE COMPANY**

null / ALL
**Transmittal Number: 15017816**
**Date Processed: 04/11/2016**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Bruce Buttaro<br>Liberty Mutual Insurance Company<br>175 Berkeley Street<br>Boston, MA 02117 |

| | |
|---|---|
| **Entity:** | Liberty Mutual Insurance Company<br>Entity ID Number  1765547 |
| **Entity Served:** | Liberty Mutual Insurance Company |
| **Title of Action:** | Wylie Lube Express vs. Insurance Solutions Group, LLC. |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Collin County District Court, Texas |
| **Case/Reference No:** | 429-01288-2016 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 04/11/2016 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Stephen Sanders<br>469-523-1339 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

THE STATE OF TEXAS
CIVIL CITATION
CASE NO.429-01288-2016

Wylie Lube Express vs. Insurance Solutions Group,          In the 429th District Court
LLC. and Liberty Mutual Insurance Company

                                                           Of Collin County, Texas

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney
do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next
following the expiration of twenty days after you were served this citation and petition, a default judgment
may be taken against you."

TO: Liberty Mutual Insurance Company
By Serving Registered Agent Corporation Service Company
211 East 7th Street Suite 620
Austin TX 78701-3218, Defendant

GREETINGS: You are commanded to appear by filing a written answer to **Plaintiff's Original Petition** at
or before ten o'clock A.M. on the Monday next after the expiration of twenty days after the date of service of
this citation before the Honorable 429th District Court of Collin County, Texas at the Courthouse of said
County in McKinney, Texas.

Said Plaintiff's Petition was filed in said court, by Sam Almasri 9330 LBJ Freeway Suite 900  Dallas TX
75243 (Attorney for Plaintiff or Plaintiffs), on  March 23, 2016, in this case, numbered 429-01288-2016 on
the docket of said court.

The natures of Plaintiff's demand is fully shown by a true and correct copy of **Plaintiff's Original Petition**
accompanying this citation and made a part hereof.

Issued and given under my hand and seal of said Court at McKinney, Texas, on this the 24th day of March,
2016.

                                        ATTEST: Yoon Kim, District Clerk
                                                Collin County, Texas
                                                Collin County Courthouse
                                                2100 Bloomdale Road
                                                McKinney, Texas 75071
                                        972-548-4320, Metro 972-424-1460 ext. 4320

                                        Signed: 3/24/2016 9:56:56 AM

                                        By: _Vanessa Araiza_____, Deputy
                                                Vanessa Araiza

**The law prohibits the Judge and the clerks from giving legal advice, so please do not seek legal advice.
Any questions you have should be directed to an attorney.**

Filed: 3/23/2016 5:01:37 PM
Yoon Kim
District Clerk
Collin County, Texas
By Vanessa Araiza Deputy
Envelope ID: 9762251

429-01288-2016

CAUSE NO.: _____

| | | |
|---|---|---|
| **WYLIE LUBE EXPRESS** | § | **IN THE DISTRICT COURT** |
| | § | |
| | § | |
| **VS.** | § | |
| | § | **OF** |
| **INSURANCE SOLUTIONS** | § | |
| **GROUP, LLC.** | § | |
| | § | **COLLIN COUNTY, TEXAS** |
| **AND** | § | |
| | § | |
| **LIBERTY MUTUAL** | § | |
| **INSURANCE COMPANY** | § | **_____ JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW, WYLIE LUBE EXPRESS**, Plaintiff herein, who files this

Plaintiff's Original Petition against the Defendants LIBERTY MUTUAL

INSURANCE COMPANY ("DEFENDANT INSURANCE COMPANY"), and

INSURANCE SOLUTIONS GROUP, LLC ("DEFENDANT AGENT") and for cause

of action would respectfully show the Court as follows:

### A.  DISCOVERY CONTROL PLAN

1.     Plaintiff intends for discovery to be conducted under Level II of Rule 190

of the Texas Rules of Civil Procedure.

### B.  PARTIES

2.     Plaintiff WYLIE LUBE EXPRESS is a business formed and doing

business in Collin County, Texas.

     3.     Defendant INSURANCE SOLUTIONS GROUP, LLC ("DEFENDANT AGENT") is an individual who may be served at 7640 NE Loop 820 Ste. 99, N. Richland Hills, TX 76180-8369 or wherever else Defendant may be found.

     4.     Defendant LIBERTY MUTUAL INSURANCE COMPANY ("DEFENDANT INSURANCE COMPANY"), is an insurance company registered to engage in the business of insurance in the State of Texas.  This Defendant may be served with process by serving its Attorney for Service, Corporation Service Company, 211 East 7th Street, Ste. 620, Austin, TX 78701-3218, or wherever else Defendant may be found.

## C. JURISDICTION

     5.     This Court has jurisdiction over the cause of action because the amount in controversy is within the jurisdictional limits of the Court.

     6.     This Court has jurisdiction over Defendant LIBERTY MUTUAL INSURANCE COMPANY, because Defendant engages in the business of insurance in the State of Texas and the cause of action arises out of Defendant's business activities in the State of Texas.

     7.     The court has jurisdiction over Defendant INSURANCE SOLUTIONS GROUP, LLC because this defendant engaged in the business of selling insurance policies in the State of Texas and Plaintiff's causes of action arise out of this

Defendant's business activities in the State of Texas.

## D. VENUE

8.      Venue is proper in Collin County, Texas because the insured's Property was situated in Wylie, Collin County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032

## E. FACTS

9.      Plaintiff was the owner of Texas Commercial Property Policy Number BKS (16) 56 62 93 92 (hereinafter referred to as "the Policy"), issued by DEFENDANT INSURANCE COMPANY.  Plaintiff owned the insured Property (hereinafter referred to as "the Property"), which was specifically located at 405 S. Highway 78, Wylie, TX 75098.

10.     DEFENDANT AGENT AND DEFENDANT INSURANCE COMPANY sold the Policy insuring the Property that is the subject of this lawsuit to Plaintiff.

11.     On or about May 24, 2015, the Plaintiff's place of business was burglarized and a significant amount of their Property was stolen.  Plaintiff suffered a significant loss with respect to the stolen Property at issue.

12.     Plaintiff submitted a claim to DEFENDANT INSURANCE COMPANY with date of loss May 29, 2015 for damages as a result of the stolen Property.

13.     Plaintiff asked that DEFENDANT INSURANCE COMPANY recover the cost of replacement to the Property pursuant to the Policy.

14.    DEFENDANT INSURANCE COMPANY assigned a claim number to Plaintiff's claim and assigned an adjuster to adjust same.

15.    DEFENDANT INSURANCE COMPANY failed to promptly and properly adjust the claim and summarily improperly denied the claim with obvious knowledge and evidence of theft.

16.    DEFENDANT INSURANCE COMPANY improperly denied Plaintiff's claim for actual cash value and/or other values of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff.

17.    DEFENDANT INSURANCE COMPANY failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the Policy. DEFENDANT INSURANCE COMPANY failed and refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Such conduct constitutes breach of the insurance contract between DEFENDANT INSURANCE COMPANY and Plaintiff.

18.    DEFENDANT INSURANCE COMPANY failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. DEFENDANT INSURANCE COMPANY'S conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act* [TEX]

INS. CODE SECTION 541.060(a)(2)(A).

19.    DEFENDANT INSURANCE COMPANY failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, DEFENDANT INSURANCE COMPANY failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, DEFENDANT INSURANCE COMPANY did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. DEFENDANT INSURANCE COMPANY'S conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE Section 541.060(a)(3).

20.    DEFENDANT INSURANCE COMPANY failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection regarding the full and entire claim in writing from DEFENDANT INSURANCE COMPANY.   DEFENDANT INSURANCE COMPANY'S conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE Section 541.060(a)(4).

21.    DEFENDANT INSURANCE COMPANY refused to fully compensate Plaintiff under the terms of the Policy, even though DEFENDANT INSURANCE COMPANY failed to conduct a reasonable investigation. Specifically, DEFENDANT

INSURANCE COMPANY performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the Property. DEFENDANT INSURANCE COMPANY'S conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE Section 541.060(a)(7).

DEFENDANT INSURANCE COMPANY failed to meet its obligations under the Texas Insurance Code regarding acknowledging Plaintiff's claim, beginning investigations to Plaintiffs claim and requesting all information reasonably necessary to investigate Plaintiff's claim within fifteen (15) days of receiving notice of Plaintiff's claim. DEFENDANT INSURANCE COMPANY'S conduct constitutes violations of the *Texas Prompt Payment of Claims Act.* TEX. INS. CODE Section 542.055.

22.     DEFENDANT INSURANCE COMPANY failed to accept or deny Plaintiff's full and entire claim within thirty (30) business days of receiving all required information. DEFENDANT INSURANCE COMPANY'S conduct constitutes a violation of the *Texas Prompt Payment of Claims Act.* TEX. INS. CODE Section 542.056.

23.     DEFENDANT INSURANCE COMPANY failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, DEFENDANT INSURANCE COMPANY has delayed full payment of Plaintiff's claim longer than allowed and to date, Plaintiff has not yet received full

payment for the claim. DEFENDANT INSURANCE COMPANY'S conduct constitutes a violation of the *Texas Prompt Payment of Claims Act.* TEX. INS. CODE Section 542.058.

24.     From and after the time Plaintiff's claim was presented to DEFENDANT INSURANCE COMPANY, the liability of DEFENDANT INSURANCE COMPANY to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, DEFENDANT INSURANCE COMPANY has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. DEFENDANT INSURANCE COMPANY'S conduct constitutes breaches of the common law duty of good faith and fair dealing.

26.     DEFENDANT INSURANCE COMPANY knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

27.     As a result of DEFENDANT INSURANCE COMPANY'S acts and omissions, Plaintiff was forced to retain an attorney and incur attorney's fees for that attorney representing Plaintiff in this cause of action.

28.     Plaintiff's experience is not an isolated case. The acts and omissions DEFENDANT INSURANCE COMPANY committed in this cause, or similar acts and omissions occurred with such frequency that they constitute a general business practice.

of DEFENDANT INSURANCE COMPANY with regard to handling these types of claims.   DEFENDANT INSURANCE COMPANY'S entire process is unfairly designed to reach favorable outcome for the company at the expense of the policyholders.

## F. CAUSES OF ACTION:

### CAUSE OF ACTION AGAINST DEFENDANT AGENT

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

29.     DEFENDANT AGENT'S conduct constitutes multiple violations of the Texas Insurance Code, Deceptive Acts. TEX. INS. CODE. 541.060(a).  All violations under this article are made actionable by TEX. INS. CODE. 541.151.

30.     DEFENDANT AGENT is individually liable for their unfair and deceptive acts, irrespective of the fact they were acting on behalf of DEFENDANT INSURANCE COMPANY, because they are a "person" as defined by TEX. INS. CODE. 541.002(2).  The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, adjuster or life and health insurance counselor." TEX. INS. CODE. 541.002(2) (emphasis added).  *See also Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company

employee to be a "person" for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

31.   DEFENDANT AGENT'S deceptive acts, as described above, of misrepresenting material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE. 541.060(1).

32.   DEFENDANT AGENT'S deceptive acts, as described above, of making, issuing or circulation a policy that misrepresents the benefits or advantages promised by the policy sold to the Plaintiff constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE. 541.051(1)(B)

33.   The deceptive acts of the DEFENDANT AGENT as described above, of making, issuing or circulation a policy that misrepresents the terms of the policy and causing the Plaintiff rely on that misrepresention, constitutes an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE. 541.051(1)(A).

34.   DEFENDANT AGENT'S unfair settlement practice, as described above, of misrepresenting to the Plaintiff a material fact or policy provision relating to coverage the coverage at issue; constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE. 541.060(1).

35.   DEFENDANT AGENT'S misrepresentation of the insurance policy, as described above, by making an untrue statement of material fact; failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made; making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact; failing to disclose a matter required by law to be disclosed, including failing to make a disclosure in accordance with another provision of this code.   TEX. INS. CODE. 541.061.

## G. CAUSES OF ACTION AGAINST ALL DEFENDANT PARTIES

### FRAUD AGAINST ALL DEFENDANT PARTIES

36.   DEFENDANT INSURANCE COMPANY and DEFENDANT AGENT are liable to Plaintiff for common law fraud.

37.   Each and every one of the representations, as described above, concerned material facts for the reason Plaintiff would not have acted and which DEFENDANT AGENT knew were false or made recklessly without any knowledge of their truth as a positive assertion.

38.   The statements were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements, thereby causing Plaintiff to suffer injury and constituting common law fraud.

## H. CONSPIRACY TO COMMIT FRAUD AGAINST ALL DEFENDANT PARTIES

39. DEFENDANT AGENT and DEFENDANT INSURANCE COMPANY are liable to Plaintiff for conspiracy to commit fraud. DEFENDANT AGENT and DEFENDANT INSURANCE COMPANY were members of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means. In reaching a meeting of the minds regarding the course of action to be taken against Plaintiff, DEFENDANT AGENT and DEFENDANT INSURANCE COMPANY committed an unlawful, overt act to further the object or course of action. Plaintiff suffered injury as a proximate result.

## I.     CAUSES OF ACTION AGAINST DEFENDANT INSURANCE COMPANY

40. DEFENDANT INSURANCE COMPANY is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of good faith and fair dealing.

## J. BREACH OF CONTRACT

41. DEFENDANT AGENT AND DEFENDANT INSURANCE COMPANY'S conduct as described above, constitutes a breach of the insurance contract made between DEFENDANT AGENT, DEFENDANT INSURANCE COMPANY and Plaintiff.

42.   DEFENDANT INSURANCE COMPANY'S failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constituted material breaches of the insurance contract with Plaintiff. Plaintiff has suffered damages in the form of actual damages, consequential damages and reasonable and necessary attorney's fees.

## K. NONCOMPLIANCE WITH TEXAS INSURANCE CODE:

## UNFAIR SETTLEMENT PRACTICES

43.   DEFENDANT INSURANCE COMPANY'S conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Chapter 541. All violations under this article are made actionable by TEX. INS. CODE Section 541.151.

44.   DEFENDANT INSURANCE COMPANY'S unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.051, 541.060 and 541.061.

45.   DEFENDANT INSURANCE COMPANY'S unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of the claim, even though DEFENDANT INSURANCE

COMPANY'S  liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.051, 541.060 and 541.061.

46.    DEFENDANT INSURANCE COMPANY'S unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE ANN. Section 541.051, 541.060 and 541.061.

47.    DEFENDANT INSURANCE COMPANY'S  unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of Plaintiff's claim or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.051, 541.060 and 541.061.

48.    DEFENDANT INSURANCE COMPANY'S unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.051, 541.060 and 541.061.

## L. NONCOMPLIANCE WITH TEXAS INSURANCE CODE

## CHAPTER 541:

### THE PROMPT PAYMENT OF CLAIMS ACT

49.     DEFENDANT INSURANCE COMPANY'S conduct constitutes multiple violations of the Texas Insurance Code, *Prompt Payment of Claims Act.* TEX. INS. CODE Chapter 542.  All violations made under this article are made actionable by TEX. INS. CODE Section 542.060.

50.     DEFENDANT INSURANCE COMPANY'S failure, as described above, to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that they reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-payment of the claims and a violation of the TEX. INS. CODE Sections 542.055-542.060.

51.     DEFENDANT INSURANCE COMPANY'S failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE Section 542.056.

52.     DEFENDANT INSURANCE COMPANY'S delay of payment of Plaintiff's claim, as described above, following its receipt of all items, statements and forms reasonably requested and required longer than the amount of time provided for

constitutes a non-prompt payment of the claim. TEX. INS. CODE Sections 542.055-542.060.

## M. BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

53.     DEFENDANT INSURANCE COMPANY'S conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

54.     DEFENDANT INSURANCE COMPANY'S failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although at that time, Defendant knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of duty of good faith and fair dealing.

## N. TEXAS DECEPTIVE TRADE PRACTICES ACT

55.     Each of the acts described above, together and singularly, constitute a violation of the Texas Deceptive Trade Practices Act pursuant to its tie-in provision for Insurance Code Violations.  Accordingly, Plaintiff also brings each and every cause of action alleged above under the Texas Deceptive Trade Practices Act pursuant to its tie-in provision.

56.     At all times material hereto, Plaintiff was a consumer who purchased insurance products and services from DEFENDANT AGENT AND DEFENDANT

INSURANCE COMPANY. DEFENDANT AGENT AND DEFENDANT INSURANCE COMPANY have violated the Texas Deceptive Trade Practices Act in the following manners:

a.   Causing confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services;

b.   Representing the goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or qualities, which they do not have or that a person has a sponsorship, approval status, affiliation, or connection which he does not;

c.   Disparaging the goods, services, or business of another by false or misleading representation of acts;

d.   Advertising goods or services with intent not to sell them as advertised;

e.   Making false or misleading statements of fact concerning the reasons for, existence of, or amount of price reductions;

f.   Representing that an agreement confers or involves rights, remedies, or obligations, which it does not have or involve, or which are prohibited by law;

g.   Misrepresenting the authority of a salesman, representative or agent to negotiate the final terms of a consumer transaction;

h.   Failing to disclose information concerning goods or services which was known at the time of the transaction and such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed; and

i.      Engaging in an unconscionable course of conduct.

## O.  KNOWLEDGE AND INTENT

57.    Each of the acts described above, together and singularly, was done "knowingly" and "intentionally" as those terms are used in the Texas Insurance Code and were a producing cause of Plaintiff's damages described herein.

## P. DAMAGES

Plaintiff herein, WYLIE LUBE EXPRESS complains of INSURANCE SOLUTIONS GROUP, LLC and LIBERTY MUTUAL INSURANCE COMPANY, and prays that LIBERTY MUTUAL INSURANCE COMPANY and INSURANCE SOLUTIONS GROUP, LLC be cited to appear and answer and that on a final trial on the merits, Plaintiff recover from LIBERTY MUTUAL INSURANCE COMPANY and INSURANCE SOLUTIONS GROUP, LLC the following:

1.    Plaintiff would show that all of the aforementioned acts, taken together or singularly constitute the proximate and/or producing cause of damages sustained by Plaintiff;

2.    As previously mentioned, the damages caused by the water damage rendered Plaintiff's Property significantly damaged. These damages have not been properly addressed or repaired in the months since the water damage, causing further damages to the Property and causing undue hardship and burden to Plaintiff. These damages are a direct result of DEFENDANT INSURANCE COMPANY and DEFENDANT AGENT mishandling of Plaintiff's claim in violation of the laws set forth above;

3.    For breach of contact, Plaintiff is entitled to regain the benefit of his bargain, which is the amount of the claim, together with attorney's fees;

4.    For noncompliance with the *Texas Unfair Competition and Unfair Practices Act,* Plaintiff is entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the Policy, including but not limited to direct and indirect consequential damages, mental anguish, court costs, and attorney fees. For knowing conduct of the acts complained of, Plaintiff asks for three (3) times actual damages. TEX. INS. CODE ANN. Section 541.60;

5.    For noncompliance with Texas Insurance Code, *Prompt Payment of Claims Act,* Plaintiff is entitled to amount of its claim, as well as eighteen (18) percent interest per annum of the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE Section 542.060;

6.    For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages including all forms of loss resulting from DEFENDANT INSURANCE COMPANY'S breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional distress, as to be determined by the jury;

7.    For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowing fraudulent and malicious representations, along with attorney's fees, interest and court costs; and

8.    For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff has and recovers such sums as would reasonably and justly compensate it in accordance with the rules of law and procedure, both as to actual

-18-

damages, treble damages under the Texas Insurance Code and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court in its behalf expended, for prejudgment and postjudgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which it may show itself to be justly entitled.

Respectfully submitted,

**THE ALMASRI, MARZWANIAN & SEPULVEDA LAW GROUP, PLLC**

By: /s/ Stephen Sanders
Stephen Sanders
Texas Bar No.: 24068476
9330 LBJ Freeway, Ste. 900
Dallas, TX 75243
Telephone: 469.523.1339
Telecopier: 888.958.3730
Stephen@attorneystephensanders.com
ATTORNEY FOR PLAINTIFF

## JURY DEMAND

Plaintiff hereby respectfully demands a trial by jury.

/s/ Stephen Sanders
Stephen Sanders





STATE OF TEXAS        )
COUNTY OF COLLIN )
I, Yoon Kim, District Clerk in and for Collin County Texas,
do hereby certify that the above foregoing is a true and correct copy of the
original document as the same appears on the file in the District Court,
Collin County, Texas. Witness my hand and seal of said Court, this
the ___ day of _____ A.D., 20___

       YOON KIM, DISTRICT CLERK
       COLLIN COUNTY, TEXAS

       _____ DEPUTY

LEGAL DOCUMENT MANAGEMENT
5030 LBJ FREEWAY #330
DALLAS, TX 75240



CERTIFIED MAIL

7015 0640 0000 2941 5963



U.S. POSTAGE
PAID
DALLAS, TX
75219
APR 07 16
AMOUNT
**$7.89**
R2303S100746-90

1000          78701

Corporation Service Company
211 E. 7th St., Suite #620
Austin, TX, 78701

Filed: 3/23/2016 5:01:37 PM
Yoon Kim
District Clerk
Collin County, Texas
By Vanessa Araiza Deputy
Envelope ID: 9762251

# CIVIL CASE INFORMATION SHEET

429-01288-2016

| CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____ | COURT *(FOR CLERK USE ONLY)*: _____ |

STYLED Wylie Lube Express v. Insurance Solutions Group, LLC, and Liberty Mutual Insurance Company

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| Name: Sam Almasri | Email: sam@theamslawgroup.com | Plaintiff(s)/Petitioner(s): Wylie Lube Express | [x] Attorney for Plaintiff/Petitioner [ ] *Pro Se* Plaintiff/Petitioner [ ] Title IV-D Agency [ ] Other: _____ |
| Address: 9330 LBJ Ste. 900 | Telephone: 2142272777 | | Additional Parties in Child Support Case: |
| City/State/Zip: Dallas, Texas 75243 | Fax: 2142272271 | Defendant(s)/Respondent(s): Insurance Solutions Group, LLC, and Liberty Mutual Insurance Company | Custodial Parent: |
| Signature: | State Bar No: 24053071 | | Non-Custodial Parent: Presumed Father: |
| | | [Attach additional page as necessary to list all parties] | |

## 2. Indicate case type, or identify the most important issue in the case (select only 1):

| Civil | | | Family Law | |
|---|---|---|---|---|

| Contract | Injury or Damage | Real Property | Marriage Relationship | Post-judgment Actions (non-Title IV-D) |
|---|---|---|---|---|
| *Debt/Contract* [ ] Consumer/DTPA [ ] Debt/Contract [ ] Fraud/Misrepresentation [ ] Other Debt/Contract: | [ ] Assault/Battery [ ] Construction [ ] Defamation *Malpractice* [ ] Accounting [ ] Legal [ ] Medical [ ] Other Professional Liability: | [ ] Eminent Domain/ Condemnation [ ] Partition [ ] Quiet Title [ ] Trespass to Try Title [ ] Other Property: | [ ] Annulment [ ] Declare Marriage Void *Divorce* [ ] With Children [ ] No Children | [ ] Enforcement [ ] Modification—Custody [ ] Modification—Other |
| *Foreclosure* [ ] Home Equity—Expedited [ ] Other Foreclosure [ ] Franchise [ ] Insurance [ ] Landlord/Tenant [ ] Non-Competition [ ] Partnership [ ] Other Contract: | [ ] Motor Vehicle Accident [ ] Premises *Product Liability* [ ] Asbestos/Silica [ ] Other Product Liability List Product: _____ [ ] Other Injury or Damage: | **Related to Criminal Matters** [ ] Expunction [ ] Judgment Nisi [ ] Non-Disclosure [ ] Seizure/Forfeiture [ ] Writ of Habeas Corpus— Pre-indictment [ ] Other: _____ | **Title IV-D** [ ] Enforcement/Modification [ ] Paternity [ ] Reciprocals (UIFSA) [ ] Support Order |
| | | | **Other Family Law** [ ] Enforce Foreign Judgment [ ] Habeas Corpus [ ] Name Change [ ] Protective Order [ ] Removal of Disabilities of Minority [ ] Other: | **Parent-Child Relationship** [ ] Adoption/Adoption with Termination [ ] Child Protection [ ] Child Support [ ] Custody or Visitation [ ] Gestational Parenting [ ] Grandparent Access [ ] Parentage/Paternity [ ] Termination of Parental Rights [ ] Other Parent-Child: |

| Employment | Other Civil | |
|---|---|---|
| [ ] Discrimination [ ] Retaliation [ ] Termination [ ] Workers' Compensation [ ] Other Employment: | [ ] Administrative Appeal [ ] Antitrust/Unfair Competition [ ] Code Violations [ ] Foreign Judgment [ ] Intellectual Property | [ ] Lawyer Discipline [ ] Perpetuate Testimony [ ] Securities/Stock [ ] Tortious Interference [x] Other: _____ |

| Tax | Probate & Mental Health | |
|---|---|---|
| [ ] Tax Appraisal [ ] Tax Delinquency [ ] Other Tax | *Probate/Wills/Intestate Administration* [ ] Dependent Administration [ ] Independent Administration [ ] Other Estate Proceedings | [ ] Guardianship—Adult [ ] Guardianship—Minor [ ] Mental Health [ ] Other: _____ |

## 3. Indicate procedure or remedy, if applicable (may select more than 1):

| | | |
|---|---|---|
| [ ] Appeal from Municipal or Justice Court [ ] Arbitration-related [ ] Attachment [ ] Bill of Review [ ] Certiorari [ ] Class Action | [ ] Declaratory Judgment [ ] Garnishment [ ] Interpleader [ ] License [ ] Mandamus [ ] Post-judgment | [ ] Prejudgment Remedy [ ] Protective Order [ ] Receiver [ ] Sequestration [ ] Temporary Restraining Order/Injunction [ ] Turnover |

## 4. Indicate damages sought (do not select if it is a family law case):

[ ] Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
[ ] Less than $100,000 and non-monetary relief
[ ] Over $100,000 but not more than $200,000
[x] Over $200,000 but not more than $1,000,000
[ ] Over $1,000,000

Rev  2/13

THE STATE OF TEXAS
CIVIL CITATION
CASE NO.429-01288-2016

Wylie Lube Express vs. Insurance Solutions Group,                    In the 429th District Court
LLC. and Liberty Mutual Insurance Company

Of Collin County, Texas


NOTICE TO DEFENDANT:  "You have been sued.  You may employ an attorney.  If you or your attorney
do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next
following the expiration of twenty days after you were served this citation and petition, a default judgment
may be taken against you."

TO:  Liberty Mutual Insurance Company
By Serving Registered Agent Corporation Service Company
211 East 7th Street Suite 620
Austin TX  78701-3218, Defendant

GREETINGS:  You are commanded to appear by filing a written answer to **Plaintiff's Original Petition** at
or before ten o'clock A.M. on the Monday next after the expiration of twenty days after the date of service of
this citation before the Honorable 429th District Court of Collin County, Texas at the Courthouse of said
County in McKinney, Texas.

Said Plaintiff's Petition was filed in said court, by Sam Almasri  9330 LBJ Freeway Suite 900  Dallas TX
75243 (Attorney for Plaintiff or Plaintiffs), on  March 23, 2016, in this case, numbered 429-01288-2016 on
the docket of said court.

The natures of Plaintiff's demand is fully shown by a true and correct copy of **Plaintiff's Original Petition**
accompanying this citation and made a part hereof.


Issued and given under my hand and seal of said Court at McKinney, Texas, on this the 24th day of March,
2016.

ATTEST: Yoon Kim, District Clerk
Collin County, Texas
Collin County Courthouse
2100 Bloomdale Road
McKinney, Texas 75071
972-548-4320, Metro 972-424-1460 ext. 4320

Signed: 3/24/2016 9:56:56 AM

By: _____, Deputy
Vanessa Araiza

**The law prohibits the Judge and the clerks from giving legal advice, so please do not seek legal advice.**
**Any questions you have should be directed to an attorney.**

THE STATE OF TEXAS
CIVIL CITATION
CASE NO.429-01288-2016

Wylie Lube Express vs. Insurance Solutions Group, LLC.                    In the 429th District Court
and Liberty Mutual Insurance Company

                                                                          Of Collin County, Texas


NOTICE TO DEFENDANT:  "You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO:  Insurance Solutions Group, LLC.
740 NE Loop 820 Ste 99
N Richland Hills TX  76180-8369, Defendant

GREETINGS:  You are commanded to appear by filing a written answer to **Plaintiff's Original Petition** at or before ten o'clock A.M. on the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 429th District Court of Collin County, Texas at the Courthouse of said County in McKinney, Texas.

Said Plaintiff's Petition was filed in said court, by Sam Almasri  9330 LBJ Freeway Suite 900  Dallas TX 75243 (Attorney for Plaintiff or Plaintiffs), on  March 23, 2016, in this case, numbered 429-01288-2016 on the docket of said court.

The natures of Plaintiff's demand is fully shown by a true and correct copy of **Plaintiff's Original Petition** accompanying this citation and made a part hereof.


Issued and given under my hand and seal of said Court at McKinney, Texas, on this the 24th day of March, 2016.



                                                        ATTEST: Yoon Kim, District Clerk
                                                                Collin County, Texas
                                                           Collin County Courthouse
                                                              2100 Bloomdale Road
                                                              McKinney, Texas 75071
                                                  972-548-4320, Metro 972-424-1460 ext. 4320

                                                        Signed: 3/24/2016 9:56:49 AM

                                                By _____, Deputy
                                                        Vanessa Araiza

**The law prohibits the Judge and the clerks from giving legal advice, so please do not seek legal advice. Any questions you have should be directed to an attorney.**

Filed: 4/11/2016 12:00:00 AM
Yoon Kim
District Clerk
Collin County, Texas
By Sarah Espinoza Deputy
Envelope ID: 10039278

4/7/16
10:30AM
JESSICA
PETERS

THE STATE OF TEXAS
CIVIL CITATION
CASE NO.429-01288-2016

Wylie Lube Express vs. Insurance Solutions Group, LLC.
and Liberty Mutual Insurance Company

In the 429th District Court

Of Collin County, Texas

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: Insurance Solutions Group, LLC.
740 NE Loop 820 Ste 99
N Richland Hills TX 76180-8369, Defendant

GREETINGS: You are commanded to appear by filing a written answer to **Plaintiff's Original Petition** at or before ten o'clock A.M. on the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 429th District Court of Collin County, Texas at the Courthouse of said County in McKinney, Texas.

Said Plaintiff's Petition was filed in said court, by Sam Almasri 9330 LBJ Freeway Suite 900 Dallas TX 75243 (Attorney for Plaintiff or Plaintiffs), on March 23, 2016, in this case, numbered 429-01288-2016 on the docket of said court.

The natures of Plaintiff's demand is fully shown by a true and correct copy of **Plaintiff's Original Petition** accompanying this citation and made a part hereof.

Issued and given under my hand and seal of said Court at McKinney, Texas, on this the 24th day of March, 2016.

ATTEST: Yoon Kim, District Clerk
Collin County, Texas
Collin County Courthouse
2100 Bloomdale Road
McKinney, Texas 75071
972-548-4320, Metro 972-424-1460 ext. 4320

Signed: 3/24/2016 9:56:49 AM

By _Vanessa Araiza_ , Deputy
Vanessa Araiza

**The law prohibits the Judge and the clerks from giving legal advice, so please do not seek legal advice. Any questions you have should be directed to an attorney.**

NO. 429-01288-2016

JULL NOSTRAND                                   IN THE DISTRICT COURT
          Petitioner,

VS.                                            429th JUDICIAL DISTRICT

INSURANCE SOLUTIONS GROUP,
LLC. AND LIBERTY MUTUAL
INSURANCE COMPANY
          Defendants.                          COLLIN COUNTY, TEXAS

## AFFIDAVIT OF SERVICE

BEFORE ME, the undersigned authority, on this day appeared
Patrise Halstead,

Who after being duly sworn did upon oath state the following:
"My name is Patrise Halstead. I am over the age of eighteen (18)
years and I am fully competent to testify to matters stated in this affidavit.
I have personal knowledge of the facts and statements contained in this
affidavit and each is true and correct. I am  an authorized person to serve
process in the state of Texas. I am not a party to the plaintiff or the
defendants in the matter, and am competent to make oath of the facts
stated below.

Came to hand on the 7th day of **April, 2016 at 8:00 A.M.** Executed at **740 NE Loop**

**820 Suite 99, North Richland Hills, Texas 76180** within the county of **Tarrant** at

**10:30** o'clock **A.M.** on the 7th day of **April, 2016,** by delivering to the within named,

**Insurance Solutions Group LLC by serving Authorized Officer Jessica Peters,**

a  true copy of the **Plaintiff's Original Petition with Citation attached**having first

endorsed on the same date of delivery.

Signed this _8_ day of __APRIL__ 2016.

By: _Patrise V. Halstead_
          Patrise Halstead
          SCH ID# 11623
          Exp. 08/31/2018

SUBSCRIBED AND SWORN TO BEFORE ME this _8th_ day of
__April__, 2016.

_Heather Bork_
Notary Public, State of __TX__

Yoon Kim
District Clerk
Collin County, Texas
By Laci Landrith Deputy
Envelope ID: 10186957

THE STATE OF TEXAS
CIVIL CITATION
CASE NO.429-01288-2016

Wylie Lube Express vs. Insurance Solutions Group,          In the 429th District Court
LLC. and Liberty Mutual Insurance Company

Of Collin County, Texas

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney
do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next
following the expiration of twenty days after you were served this citation and petition, a default judgment
may be taken against you."

TO: Liberty Mutual Insurance Company
By Serving Registered Agent Corporation Service Company
211 East 7th Street Suite 620
Austin TX 78701-3218, Defendant

GREETINGS: You are commanded to appear by filing a written answer to **Plaintiff's Original Petition** at
or before ten o'clock A.M. on the Monday next after the expiration of twenty days after the date of service of
this citation before the Honorable 429th District Court of Collin County, Texas at the Courthouse of said
County in McKinney, Texas.

Said Plaintiff's Petition was filed in said court, by Sam Almasri 9330 LBJ Freeway Suite 900 Dallas TX
75243 (Attorney for Plaintiff or Plaintiffs), on March 23, 2016, in this case, numbered 429-01288-2016 on
the docket of said court.

The natures of Plaintiff's demand is fully shown by a true and correct copy of **Plaintiff's Original Petition**
accompanying this citation and made a part hereof.

Issued and given under my hand and seal of said Court at McKinney, Texas, on this the 24th day of March,
2016.

ATTEST: Yoon Kim, District Clerk
Collin County, Texas
Collin County Courthouse
2100 Bloomdale Road
McKinney, Texas 75071
972-548-4320, Metro 972-424-1460 ext. 4320

Signed: 3/24/2016 9:56:56 AM

By: *Vanessa Araiza*, Deputy

Vanessa Araiza

**The law prohibits the Judge and the clerks from giving legal advice, so please do not seek legal advice.
Any questions you have should be directed to an attorney.**

NO. 429-01288-2016

| | |
|---|---|
| WYLIE LUBE EXPRESS | IN THE DISTRICT COURT |
| VS. | 429TH JUDICIAL DISTRICT |
| INSURANCE SOLUTIONS GROUP, LLC AND LIBERTY MUTUAL INSURANCE COMPANY | COLLIN COUNTY, TEXAS |

## AFFIDAVIT

BEFORE ME, the undersigned authority, on this day appeared Heather Bork Who after being duly sworn did upon oath state the following:

"My name is Heather Bork. I am over the age of eighteen (18) years and I am fully competent to testify to matters stated in this affidavit. I have personal knowledge of the facts and statements contained in this affidavit and each is true and correct. I am an authorized person to serve process in the state of Texas. I am not a party to the plaintiff or the defendants in the matter, and am competent to make oath of the facts stated below.

Came to hand on the **7th** day of **April, 2016.** Executed at **211 E. 11th Street**

**#620, Austin, Texas 78701** within the county of **Travis** at **9:16** o'clock **A.M.**

on the **11th** day of **April, 2016,** by delivering to the within named, **Liberty**

**Mutual Insurance Company by serving Registered Agent Corporation**

**Service Company by Certified Mail # 7015 0640 0000 2941 5963,** a true

copy of **Plaintiff's Original Petition with Citation attached** having first

endorsed in the same date of delivery.

Signed this ___18th___ day of ___April___, 2016.

By: _Heather Bork_
Heather Bork
SCH ID# 8133
Exp. 02/28/17

SUBSCRIBED AND SWORN TO BEFORE ME this ___18th___ day of ___APRIL___, 2016.

_____
Notary Public, State of ___TX___

| SENDER: *COMPLETE THIS SECTION* | *COMPLETE THIS SECTION ON DELIVERY* |
|---|---|

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

A. Signature

X _____  ☐ Agent
☐ Addressee

B. Received by *(Printed Name)*   C. Date of Delivery
APR 11 2016

1. Article Addressed to:

Liberty Mutual Insurance Company
C/o Corporation Service Company
211 E. 7th St., Suite 620
Austin, TX, 78701

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9403 0857 5215 0439 17

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2. Article Number *(Transfer from service label)*

7015 0640 0000 2941 5963

PS Form 3811, April 2015 PSN 7530-02-000-9053

Domestic Return Receipt